The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was forty-seven-years old at the time of the hearing and has a high school education.
2. Beginning in 1989 plaintiff operated his own carpentry business.
3. During the time he operated his own independent carpentry business, plaintiff performed work for the defendant on a contract basis.
4. While admittedly working for the Gastonia Housing Authority on a strictly contract basis, plaintiff was paid $15.00 per hour.
5. Sometime in 1993 plaintiff's independent carpentry business closed.
6. Plaintiff sought employment with the Gastonia Housing Authority. He spoke to James McQuiston, who had supervised his contract work previously.
7. Mr. McQuiston informed plaintiff that no employment was available with defendant, but that he still had contract work available for him. Mr. McQuiston told plaintiff that he could work when there were jobs to be performed; that he would not have employee benefits; that he would not have taxes withheld from his payments.
8. Defendant offered plaintiff the same terms as before; that is, $15.00 per hour for the contract work. However, plaintiff preferred not to have to provide his own tools; therefore, he negotiated a change in the terms of his contract to payment of $12.00 per hour in return for being allowed to use Housing Authority tools and equipment.
9. Plaintiff began performing work for defendant on this basis in February 1993. This arrangement ended in August 1993.
10. During this time plaintiff was free to set his own hours of work in that he could leave the job site upon completion of his assigned task or tasks for the day and he could leave the job site to perform other independent labor for other employers. Even if plaintiff did not exercise these privileges, for whatever reason, they were available to him.
11. Mr. McQuiston did not have carpentry experience and relied upon plaintiff to perform the tasks assigned to him in accordance with plaintiff's own training and experience as a carpenter.
12. Mr. McQuiston only set the general parameters of plaintiff's tasks for the day and did not direct plaintiff in the performance of the details of his work.
13. Plaintiff was assigned work and paid for his work on a quantitative basis; that is, he was assigned particular carpentry tasks to perform and he was allowed to control his own work pace and was paid for however long it took to complete that task.
14. One of plaintiff's carpentry tasks was to build wooden forms for the pouring of concrete sidewalks. This task required plaintiff to drive wooden stakes into the ground with a sledge hammer.
15. Over a period of at least a month of performing this task, plaintiff gradually developed soreness in his elbow.
16. Plaintiff, in his hearing testimony, described an incident in which he swung a sledge hammer at the stake and missed the stake with the sledge hammer striking the ground. However, this testimony was inconsistent with earlier statements made by plaintiff that he had developed soreness in his arm well before this incident allegedly occurred.
17. Plaintiff has been diagnosed with epicondylitis commonly referred to as "tennis elbow," in his right elbow.
18. Plaintiff's treating physician testified that epicondylitis is primarily an overuse phenomenon, consistent with the evidence that plaintiff's condition developed over a period of time.
19. Epicondylitis is not a listed occupational disease in N.C.G.S. § 97-53, nor is there any evidence that plaintiff's condition is due to causes and conditions which are characteristic of and peculiar to plaintiff's work.
20. Epicondylitis is a common condition which occurs in the general public in anyone who uses their arms repeatedly, either in hobbies or recreation or in any type of employment.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. During the time that plaintiff claims he was injured, plaintiff was an independent contractor and not an employee.
2. Since plaintiff was not an employee, his claim for benefits must be dismissed.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
Plaintiff's claim must be and is hereby DENIED.
FOR THE FULL COMMISSION
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 6/12/96